UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MILTON RAYMOND HINSON**                                              **CIVIL ACTION**

**VERSUS**                                                                              **NO. 19-10078**

**SCOTT STRICKLAND**                                                     **SECTION: "A"(3)**

**REPORT AND RECOMMENDATION**

Plaintiff, Milton Raymond Hinson, a state prisoner, filed this *pro se* and *in forma pauperis* federal complaint against Scott Strickland, the Patient Safety Director at the Tulane Medical Center. Although plaintiff fails to provide a clear and concise statement of his claims, he indicates that they are based on Strickland's alleged obstruction of process, dereliction, and negligent infliction of emotional distress.

A federal court must examine the basis for federal subject matter jurisdiction. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case."); E.E.O.C. v. Agro Distribution, LLC, 555 F.3d 462, 467 (5th Cir. 2009) (noting that a "court must consider jurisdiction *sua sponte*" even when no party raises the issue of subject matter jurisdiction).

"When prosecuting a suit in federal court, the plaintiff has the burden of pleading the existence of the court's jurisdiction, and, in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." Whitmire v. Victus Ltd., 212 F.3d 885, 887 (5th Cir. 2000) (quotation marks and brackets omitted). In the instant case, plaintiff has not met that burden.

Federal law provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff's claim in the instant case does not "arise under" federal law. Although he submitted his complaint on a form to be used by those asserting a civil rights claim under 42 U.S.C. § 1983, that statute is simply inapplicable here. "Section 1983 creates a private right of action for redressing *violations of federal law* by those *acting under color of state law*." Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 (5th Cir. 1999) (emphasis added). Plaintiff does not allege a violation of federal law. Further, he does not allege that Strickland, an employee of a private medical provider, is a state actor.

Federal law also provides: "The district courts shall have original jurisdiction of all civil actions *where the matter in controversy exceeds the sum or value of $75,000*, exclusive of interest and costs, and is between … *citizens of different States* …." 28 U.S.C. § 1332(a)(1) (emphasis added). Here, the amount in controversy is only $18,500.[1] Further, plaintiff does not allege, and the complaint does not in any way indicate, that diversity of citizenship exists.

Lastly, no other basis for federal jurisdiction appears to be applicable. See 28 U.S.C. § 1333, *et seq.*

Because plaintiff has failed to identify a basis for this Court's jurisdiction, and because no basis for jurisdiction is apparent from the complaint, the undersigned recommends that this matter be dismissed.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

---

[1] See Rec. Doc. 1, p. 5.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __13th__ day of June, 2019.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**